**WO**                                                                                       KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zachariah A. Surgick, | No. CV 08-1427-PHX-MHM (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Deputy-Warden Martinez, et al., | |
| Respondents. | |

Petitioner Zachariah A. Surgick, who is confined in the Arizona State Prison Complex-Tucson, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 2004-022835-001DT, of armed robbery and aggravated assault and was sentenced to two consecutive terms of imprisonment totaling 36 years. In his Petition, Petitioner names Deputy Warden Martinez as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises seven grounds for relief: (1) Petitioner's First Amendment rights were violated when his attorneys refused to let his mother testify on his behalf; (2) Petitioner received an unfair trial, in violation of the Fifth Amendment; (3) Petitioner's trial counsel was ineffective, in violation of the Sixth Amendment; (4) Petitioner's sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment; (5) Petitioner brings

his claims under the Eleventh Amendment; (6) Petitioner was denied his Fourteenth Amendment due process rights; and (7) Petitioner has filed a civil rights action under 42 U.S.C. § 1983 with the attorney general's office.

It is unclear whether Petitioner has exhausted all of his claims. Even assuming that the exhaustion requirement has not been met, it appears that any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Accordingly, the Court will require Respondents to answer Counts One through Four, and Six of the Petition. 28 U.S.C. § 2254(a).

**II.    Dismissal of Counts Five and Seven**

The Court will dismiss Counts Five and Seven of the Petition. In Count Five, Petitioner argues that the Eleventh Amendment allows him to sue state authorities in federal court for depriving him of his constitutional rights. In Count Seven, Petitioner states that he has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with the attorney general's office. Habeas proceedings are the proper mechanism for a prisoner seeking to challenge the legality or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In Counts Five and Seven, Petitioner does not raise claims regarding the legality or duration of his confinement. Accordingly, Counts Five and Seven will be dismissed.

**III.   Warnings**

   **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a

1 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
2 must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
3 comply may result in the filing being stricken without further notice to Petitioner.

### C.  Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Counts Five and Seven of the Petition are **dismissed** without prejudice.

(2)  The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3)  Respondents must answer Counts One, Two, Three, Four, and Six of the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4)  Petitioner may file a reply within 30 days from the date of service of the answer.

. . .

. . .

. . .

1  (5) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 12th day of September, 2008.

_____
Mary H. Murgula
United States District Judge