**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Zachariah A. Surgick, ) | No. CV-08-1427-PHX-MHM |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Deputy Warden Martinez, et al., ) | |
| Respondents. ) | |

Petitioner *pro se*, Zachariah A. Surgick ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 4, 2008. (Dkt. #1). Magistrate Judge Edward C. Voss issued a Report and Recommendation on August 20, 2009 (Dkt. #35), which recommended inadvertently that the Court dismiss with prejudice the Petition for Writ of Habeas Corpus. Petitioner filed a written objection to the Report and Recommendation on September 21, 2009. (Dkt. #41). On October 26, 2009, Magistrate Judge Voss issued a Notice of Error/Order (Dkt. #43) amending page 5, line 15 of the Report and Recommendation (Dkt. #35) to read "dismissed *without* prejudice" rather than "dismissed *with* prejudice" (emphasis added).

**BACKGROUND**

The relevant facts, as stated in Magistrate Judge Voss' Report and Recommendation, are as follows.

In 2005, following a jury trial in Maricopa County Superior Court, Petitioner was convicted of one count of armed robbery and one count of aggravated assault. (Dkt. #22, Ex. A). On July 13, 2005, Petitioner was sentenced to 21 years for the armed robbery conviction and a consecutive term of 15 years for the aggravated assault conviction. (Dkt. #22 at p. 2).

Petitioner filed a Notice of Appeal on August 2, 2005. (Dkt. #16, Excerpts of Record at p. 5). On September 13, 2006, Petitioner, through counsel, filed an Opening Brief in the Arizona Court of Appeals. (Dkt. #1-1 at pp. 2-35). In a Memorandum Decision filed on March 22, 2007, the Court of Appeals affirmed the convictions and sentences. (Dkt. #16, Excerpts of Record at pp. 13-18). Petitioner's subsequent *pro se* Petition for Review to the Arizona Supreme Court was denied on July 25, 2007. (Dkt. #1-3 at pp. 1-15; Dkt. #16, Excerpts of Record at p. 11).

Before the completion of direct review, Petitioner sought post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. The trial court subsequently granted Petitioner's request to re-file his post-conviction petition upon resolution of his direct appeal. (Dkt. #1-5 at p. 38 [Minute Entry dated 7/10/07]). On September 18, 2007, after the direct appeal was completed, the trial court granted Petitioner's request for counsel for his Rule 32 petition for post-conviction relief. (Dkt. #1-5 at pp. 40-41). On June 20, 2008, Petitioner's counsel filed a Notice of Completion in which he indicated that he could find no grounds for relief to raise on Petitioner's behalf. (Dkt. #1-1 at p. 1). In a Minute Entry dated June 24, 2008, the trial court ordered counsel to remain in an advisory capacity and granted Petitioner 45 days to file a *pro se* petition for post-conviction relief. (Dkt. #22, Ex. C). Petitioner filed a *pro se* Petition for Post-Conviction Relief on August 5, 2008. (Dkt. #22, Ex. D). On January 21, 2009, the trial court allowed Petitioner to file an amended petition for post-conviction relief. (Dkt. #22, Ex. E). According to a Minute Entry dated March 2, 2009, from Maricopa County Superior Court case no. CR2004-022835, retrieved from the Maricopa County website, the trial court denied the petition for post-conviction review. A phone call

by court staff to the Arizona Court of Appeals on August 13, 2009, showed no record of a petition for review being filed.

On August 4, 2008, the day before Petitioner filed his *pro se* petition for post-conviction relief in state court, Petitioner filed his habeas petition in this court. This court screened the petition, identified the seven grounds for relief raised by Petitioner, and dismissed two of those grounds for relief. (Dkt. #8). Respondents filed an Answer to Petition for Writ of Habeas Corpus on January 26, 2009. (Dkt. #22). Petitioner did not file a reply but filed several other motions. On January 12, 2009, he filed a Motion to Have a Speedy Review Pursuant to 28 U.S.C. § 2243. (Dkt. #21). On January 29, 2009, he filed a Motion to Proceed as Indigent In Forma Pauperis by a Prisoner. (Dkt. #23). He then filed two Motions to Vacate and Set Aside Sentence Pursuant to 28 U.S.C. § 2255[1] on January 29, 2009. (Dkt. #24; Dkt. #25). Respondents filed a Response on February 3, 2009, addressing all four motions. (Dkt. #26).

Petitioner then filed a Notice of Interlocutory Appeal in the Ninth Circuit Court of Appeals on April 2, 2009, challenging the state court's denial of his petition for post-conviction relief in March. (Dkt. #27). The Ninth Circuit dismissed the appeal in June and issued a Mandate on July 22, 2009. (Dkt. #34).

On August 20, 2009, Magistrate Judge Voss issued an Order denying as moot Petitioner's Motion to Have a Speedy Review (Dkt. #21) and Motion to Proceed as Indigent In Forma Pauperis by a Prisoner (Dkt. #23). The order also denied Petitioner's Motion to Vacate and Set Aside Sentence Pursuant to 28 U.S.C. § 2255 - Count 1 (Dkt. #24) and Motion to Vacate and Set Aside Sentence Pursuant to 28 U.S.C. § 2255 - Count 2 (Dkt. #25).

---

[1] 28 U.S.C. § 2255 applies only to prisoners who have been convicted of a federal crime and are in custody under sentence of a federal court, whereas 28 U.S.C. § 2254 applies to prisoners who have been convicted of a state crime and are in custody under sentence of a state court. Petitioner was convicted of violations of state law and is in custody pursuant to sentences imposed by an Arizona court. Accordingly, Petitioner should be mindful of the difference between 28 U.S.C. § 2255 and 28 U.S.C. § 2254 in the future.

## STANDARD OF REVIEW

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

## DISCUSSION

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id.

The five remaining claims raised here in Petitioner's federal habeas petition were not raised in his direct appeal before the Arizona Court of Appeals or the Arizona Supreme

Court. Petitioner therefore failed to exhaust his habeas claims in the state direct appeal proceedings. Nonetheless, Petitioner did not seek review in the Arizona Court of Appeals after the trial court denied the petition for post-conviction relief, which he is required to do to exhaust state court remedies. By failing to seek review in the Arizona Court of Appeals, Petitioner has failed to exhaust his state court remedies. Because he may still be able to seek review in the state appellate court, this court agrees with the recommendation of the Magistrate Judge that the five remaining claims in the habeas petition be denied and dismissed without prejudice.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Report and Recommendation of the Magistrate Judge (Dkt. #35) as corrected by the Notice of Error/Order (Dkt. #43).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. #1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

DATED this 15th day of February, 2010.

Mary H. Murguia
United States District Judge